UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                    :
JEAN CARLOS HENRIQUEZ,                    :

                  Petitioner,     :
                                                              :      19-CV-2265 (JMF)
     -v-                                       :
                                                             :      MEMORANDUM OPINION
DARWIN LaCLAIR, SUPERINTENDENT,    :      AND ORDER
FRANKLIN CORRECTIONAL FACILITY,    :

                  Respondent.   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Jean Carlos Henriquez, a state prisoner proceeding *pro se*, was convicted following a jury trial of drug offenses and sentenced principally to eight years' imprisonment plus five years' post-release supervision. *See* ECF No. 1 ("Petition"), at 1-2; ECF No. 14 ("Opp'n"), at 1. The Appellate Division, First Department, unanimously affirmed his conviction, *see People v. Henriquez*, 70 N.Y.S.3d 507 (1st Dep't 2018), and the New York Court of Appeals denied leave to appeal, *see People v. Henriquez*, 108 N.E.3d 504 (Table) (N.Y. 2018). He now petitions, pursuant to 28 U.S.C. § 2254, for the writ of habeas corpus. In general, a federal court may grant such relief "with respect to any claim that was adjudicated on the merits in State court proceedings" only if the state court's adjudication of the prisoner's claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Cruz v. Superintendant*, No. 13-CV-2414 (JMF),

2016 WL 2745848, at *5 (S.D.N.Y. May 11, 2016).  Applying those deferential standards here, the Court holds that Henriquez's claims fail and must be dismissed.

Henriquez's first claim is that his statements to Drug Enforcement Administration ("DEA") agents should have been suppressed because he has an "extremely limited command of the English language" and the *Miranda* warnings were administered to him in English only. Petition 5-10.  It is well established that an "accused's statement during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived [his *Miranda*] rights when making the statement." *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (internal quotation marks omitted).  In order for a waiver of *Miranda* rights to be valid, it "must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception,' and 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Id.* at 382-83 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).  In considering the validity of a waiver, a court must "ask whether 'the totality of the circumstances reveals both an uncoerced choice and the requisite level of comprehension.'" *United States v. Yilmaz*, 508 F. App'x 49, 52 (2d Cir. 2013) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 40 (2d Cir. 1997)).  Significantly, "a lack of fluency in English does not automatically preclude a defendant from executing a knowing and voluntary waiver of rights in that language." *United States v. Ocasio*, 80 F. App'x 127, 129 (2d Cir. 2003) (summary order); *accord Campaneria v. Reid*, 891 F.2d 1014, 1020 (2d Cir. 1989); *United States v. Juvenile Male*, 968 F. Supp. 2d 490, 508 (E.D.N.Y. 2013).

In light of the foregoing principles, and the deference owed to the state courts, Henriquez's claim is easily rejected.  The state trial court expressly credited the testimony of two

2

DEA agents and, based on that testimony, found that Henriquez "had sufficient facility with the English language to understand the *Miranda* rights that were read to him after he had been arrested." ECF No. 17, at 110, 112. On appeal, the Appellate Division held that there was "no basis for disturbing" these "credibility determinations" and that the prosecution had thus met its "burden of proving that [Henriquez] was sufficiently proficient in English to understand the rights he was waiving." 70 N.Y.S.3d at 508; *see id.* (holding that Henriquez's "nods of his head sufficed to waive his *Miranda* rights"). Given the evidence before the trial court — including witness testimony that Henriquez had spoken to the DEA agents in English, provided pedigree information in English, and spoken to his employer in English — the Court cannot conclude that this determination "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, Henriquez's first claim fails.

Henriquez's next claim is that a "second" statement to DEA agents should have been suppressed because they failed to re-administer the *Miranda* warnings to him before "subsequent" questioning. *See* Petition 10-12. As a general rule, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)). Significantly, that rule applies where "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar . . . , even where the state court has also ruled in the alternative on the merits of the federal claim. Thus, even when a state court says that a claim is 'not preserved for

appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (some internal quotation marks and citations omitted). That is the case here. Applying New York's "firmly established and regularly followed" contemporaneous-objection rule, *Kozlowski v. Hulihan*, 511 F. App'x 21, 25 (2d Cir. 2013) (summary order) (internal quotation marks omitted), the Appellate Division held that Henriquez had "failed to preserve his argument that his second statement required renewed *Miranda* warnings" and, thus, it "decline[d] to review it in the interest of justice," *Henriquez*, 70 N.Y.S.3d at 508; *see id.* (rejecting the claim on the merits "[a]s an alternative holding"). It follows that Henriquez's claim is procedurally barred. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Gonzalez v. Perez*, No. 11-CV-3744 (JMF), 2012 WL 2952841, at *2 (S.D.N.Y. July 19, 2012).

Henriquez's final claim — that evidence from his cell phone should have been suppressed because it was obtained through an unlawful search, *see* Petition 13-14 — can be swiftly rejected. It is well established that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). Thus, to prevail on his claim, Henriquez must prove either that New York "has provided no corrective procedures at all to redress the alleged fourth amendment violations" or that, if a corrective mechanism exists under New York law, he "was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). He can do neither. The Second Circuit has held that New York's procedures for litigating Fourth Amendment claims are "facially adequate." *Id.* at 70 n.1 (internal quotation

4

marks omitted); *accord Daily v. New York*, 388 F. Supp. 2d 238, 249 (S.D.N.Y. 2005). And Henriquez does not make any argument that there was a "breakdown in the underlying process," let alone an "unconscionable" one. *Capellan*, 975 F.2d at 70. That is for good reason: Henriquez had — and took — the opportunity to challenge the search of his cell phone before the trial court and the Appellate Division. *See* ECF No. 17, at 95-100, 113; *see also Henriquez*, 70 N.Y.S.3d at 508. Accordingly, Henriquez's final claim must be and is rejected as well.[1]

For the foregoing reasons, Henriquez's Petition is DENIED, and his case is DISMISSED. As Henriquez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Henriquez and to close this case.

SO ORDERED.

Dated: March 13, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] In his reply, Henriquez contends that his claim "is again premised on the legality of the waiver of any rights by the Petitioner," and thus should be considered despite *Stone*. ECF No. 20, at 15. But the gravamen of Henriquez's claim is that the search violated the Fourth Amendment, so *Stone* applies. In any event, the Court already denied Henriquez's first claim challenging the validity of the waiver of his *Miranda* rights.